UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED

CLAIM NO: 510-2010-05452

3:11-CV-529-J-32JRK

IN RE: IN THE MATTER OF CLARENCE ALLEN, JUDY BELCHER, WALTER MCNEIL, SHELIA HALL, POLITICAL BODIES FOR FLORIDA PRISON PRINTING PUBLICATIONS INC. DEBTORS V. CLARENCE ALLEN, JUDY BELCHER, WALTER MCNEIL, KATHLEEN VON HOENA, DEPARTMENT OF CORRECTIONS' CLASSIFICATION STAFF PERSONS AND U.S. POSTAL SERVICE PERSONNEL : OF THE DEPARTMENT OF EMPLOYMENT REGULATIONS DIVISION AS A CORRESPONDENCE ENFORCE. UNIT AND OVERSEER OF PRISON CORRESPONDENTS OUTGOING AND INCOMING PRIVILEGED / LEGAL MAIL COMPLAINANTS V. CLARENCE ALLEN, CHERYL VESSELS, JERRY BOATWRIGHT AND MS. ARNOLD OF DEVELOPMENT FINANCE CORPORATION OF FLORIDA CREDITORS V CLARENCE ALLEN, THOMAS DUFFY OF THE DIVISION OF INCORPORATED CIVIL PROSECUTIONS FOR APPELLANTS / RESPONDENTS :

## AMENDED EMPLOYMENT DISCRIMINATION COMPLAINT
## AND NOTICE OF RIGHT TO SUE

THE DEBTOR / COMPLAINANT CLARENCE ALLEN A INDEPENDENT POLITICAL BODY WITHIN THE STATE'S CORRECTIONS SYSTEM, RESPECTFULLY SUBMITS TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, AN AMENDED EMPLOYMENT DISCRIMINATION COMPLAINT AND NOTICE OF RIGHT TO SUE FILED UNDER BANKRUPTCY PROVISIONS AND PURSUANT TO THE EQUAL PAY ACT AND THE CIVIL RIGHTS ACT of (1964) 42 U.S.C.S § 2000e ET. SEQ. AND DO STATE THE FOLLOWING:

(1) ON (11/12/10) THE DEBTOR / COMPLAINANT FILED A EMPLOYMENT DISCRIMINATION COMPLAINT WITH THE UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION HEREINAFTER (E.E.O.C.) EXHIBIT (A) AND (A)(1).

(2) THE (E.E.O.C.) BASED UPON ITS INVESTIGATION WAS UNABLE TO CONCLUDE THAT THE INFORMATION RECEIVED OF THE EMPLOYMENT DISCRIMINATION COMPLAINT AND OF THE INFORMATION OBTAINED BY THE (E.E.O.C.) ESTABLISHES VIOLATIONS OF THE STATUTES. BUT DID STATE THAT THE INVESTIGATION DOES NOT CERTIFY THAT THE RESPONDENT IS IN COMPLIANCE WITH THE STATUTES. PLUS THERE WAS NO FINDING MADE BY THE (E.E.O.C.) AS TO ANY OTHER ISSUES THAT MIGHT BE CONSTRUED AS HAVING BEEN RAISED BY THE CHARGE. EXHIBIT (A).

(3) THE DEBTOR COMPLAINANT AS A INDEPENDENT BODY IN THE SUPPORT, CREATION AND DEVELOPMENT OF SEVERAL APPLICABLE NAME ENTITIES AND ON BEHALF FOR PRISON PLAINTIFFS AND OTHER CLASS PARTY MEMBERS, REASONABLY BELIEVE THAT UNDER THE EQUAL PAY ACT 28 U.S.C. § 206(D) OR UNDER THE CIVIL RIGHTS ACT OF (1964) 42 U S C § 2000e HE SHOULD COLLECT OR BE REIMBURSED THE AMOUNTS SPENT AND PAID IN CONSUMER DEBTS APPLICABLE UNDER THE SECURITIES INVESTOR PROTECTION ACT OF 1970 (S.I.P.A) TITLE 11 U.S.C. § 362 AND TITLE 15 U.S.C. § 78

(2)

(4) THE EXHAUSTION REQUIREMENT FOR A CLAIM UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF (1964) 42 U.S.C.S. § 2000e ET. SEQ., IS EFFECTIVELY TREATED AS AN AFFIRMATIVE DEFENSE : SPENCER v BOARD OF TRUSTEES OF COMMUNITY - TECHNICAL COLLEGES 463 F Supp. 2d 234 (2006)

(5) IN DETERMINING WHEN A PLAINTIFF UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF (1964) 42 U.S.C.S. § 2000e ET SEQ, CAN FILE A CHARGE WITH THE (E.E.O.C.) THE U.S. SUPREME COURT HAS HELD THAT THE STATUTE PRECLUDES RECOVERY FOR DISCRETE ACTS OF DISCRIMINATION OR RETALIATION THAT OCCUR OUTSIDE THE STATUTORY TIME PERIOD, BUT, THAT, WHEN CONSIDERING A HOSTILE WORK ENVIRONMENT CLAIM, EVENTS THAT FALL OUTSIDE THE STATUTORY TIME PERIOD MAY BE ALLEGED SO LONG AS AN ACT CONTRIBUTING TO THAT HOSTILE ENVIRONMENT TAKES PLACE WITHIN THE STATUTORY PERIOD ! SPENCER (2006).

(6) THE (E.E.O.C.) GAVE THE DEBTOR COMPLAINANT (90) DAYS FROM ITS (2/23/11) DECISION IN WHICH TO FILE A LAWSUIT AGAINST THE RESPONDENTS UNDER FEDERAL LAW BASED ON THE CHARGE IN FEDERAL OR STATE COURT. AND HAS IDENTIFIED THE RESPONDENT AS BEING CHERYL VESSELS, HUMAN RESOURCES MANAGER OF THE U..S. COURT OF APPEALS ATLANTA GEORGIA

(7) THE DEBTOR - COMPLAINANT WHO CAN BE BETTER IDENTIFIED AS A LOBBYIST FOR THE POLITICAL SUBDIVISION OF STATE PRISON

(3) →

___ SYSTEM WHO WAS DENIED RIGHTS BY FLORIDA LOBBYIST REGISTRATION OFFICE / DIVISION OF LEGISLATIVE INFORMATION SERVICES TO FILE ANNUAL EXPENDITURE REPORTS TO RECOVER MONIES SPENT AS PRINCIPLE AREA FINANCE UNDER CASE NO: 02-244 CA EXHIBIT [ B ] AND [ B1 ]

(8) THE DEBTOR-COMPLAINANT CAN ALSO BE IDENTIFIED AS A PRISON LOBBYIST WHO FILED A SECTION § 1983 COMPLAINT WHICH CHALLENGED ON BEHALF FOR PRISONERS THE ADEQUACY OF THE PRISON GRIEVANCE PROCEDURE, AND, WHO AS A PLAINTIFF CAN FILE NO FEDERAL CIVIL ACTION WITHOUT SUBMITTING THE FULL FILING FEE AT THE TIME A SUIT IS INITIATED UNDER REQUIREMENTS OF TITLE 28 U.S.C. § 1915 (G) AND IN ACCORDANCE WITH DEPREE V. PALMER 284 F 3d 1234 1236 (11TH CIR 2002) CASE NUMBER: 06-00456-CV-4-MMP/WCS EXHIBIT [ C ]

(9) THEREFORE THE DEBTOR-COMPLAINANT OF THE APPLICABLE NAMED ENTITIES AND ON BEHALF FOR THE PARTIES; AND OF FLORIDA PRISON PRINTING PUBLICATIONS AS A PRINCIPAL AREA CORPORATION, DO STATE AS GENERAL INFORMATION AND UNDER INITIAL DISCLOSURES RULE § 26 (A)(1) FED. R. CIV. P. AS AMENDED (DECEMBER 1, 2000) AND IN AMENDING THE EMPLOYMENT DISCRIMINATION COMPLAINT FILED WITH THE (E.E.O.C.) DATED (11/12/10) THAT THE U.S. SOUTHERN DISTRICT COURT IN MIAMI FLORIDA BEFORE TRANSFERING THE MARK OSTERBACK ET AL V MICHEAL MOORE ET AL CASE NO: 97-2806 CIV HUCK TO U.S. MIDDLE DISTRICT COURT DATED (3/7/04) HELD A STATUS CONFERENCE HEARING ON (1/16/04) (DOC# 685) EXHIBIT [ D ]. MR WILLIAM J.

SHEPPARD OF SHEPPARD, WHITE, THOMAS + KACHERGUS P A LAW FIRM LOCATED AT 215 WASHINGTON STREET IN JACKSONVILLE FLORIDA AS THE MIDDLE DISTRICT COURT'S GENERAL APPEARANCE COUNSEL AND ATTORNEY FOR PLAINTIFFS FILED ON (MAY 6, 2004) A PLAINTIFF'S RENEWED MOTION FOR STATUS CONFERENCE AND MOTION TO RE-DESIGNATE CASE TRACK AND INCORPORATE MEMORANDUM OF LAW UNDER <u>MARK OSTERBACK ET AL V SECRETARY, DEPARTMENT OF CORRECTIONS ET AL</u> CASE NO: 3:04 CV 210-J 25 MCR WHICH IS REFERENCED AS DOC# 671 EXHIBIT [D1]

(8) CURRENTLY. THE <u>MARK OSTERBACK ET AL V SECRETARY, DEPARTMENT OF CORRECTIONS ET AL</u> CASE NO: 3:04 CV 210 J 25 MCR WHICH IS UNDER AN INJUNCTION ORDER, WAS DEFERRED UNTIL THE PARTIES INVOLVED IN THE CASE HAVE COMPLIED WITH SECTION (1) AND (2) OF THE COURT'S BRIEFING INSTRUCTIONS AND HAVE COME TO TERMS ON AN APPROPRIATE DISCOVERY METHOD AS ORDERED BY DISTRICT JUDGE HENRY LEE ADAMS DATED (10/8/04) EXHIBIT [D(2)]. THE DISTRICT COURT ALSO ISSUED ON THE DEBTOR COMPLAINANT THROUGH GENERAL APPEARANCE COUNSEL AND ATTORNEY FOR PLAINTIFFS WILLIAM J. SHEPPARD A CASE MANAGEMENT REPORT AND CONSENT FORM PURSUANT IN ACCORDANCE WITH THE DISTRICT COURT'S (9/2/04) ORDER (DOC# 694) EXHIBIT [D(3)].

(9) SECONDLY. THE FLORIDA COMMISSION ON HUMAN RELATIONS IN TALLAHASSEE FLORIDA, WHEN ASKED BY THE DEBTOR-COMPLAINANT IN A (3/24/11) APPLICATION NOTICE AND REQUEST. TO CERTIFY THE REGISTRATION OF ALL FLORIDA PRISON INMATES UNDER THE OCCUPATIONAL/CLASSIFICATION STATUS OF HUMAN RELATIONS CORRESPONDENTS OR AS LEGAL CORRESPONDENTS FOR THEIR PRIVILEGED/

___ LEGAL MAILING RIGHTS, RESPONDED BY STATING THAT: <u>AN INMATE IS NOT CONSIDERED TO BE IN A PROTECTED EMPLOYMENT STATUS BY VIRTUE OF THE STATUS AS AN INMATE</u>: WHICH IS REFERENCED AS RECEIPT NO: (F.C.H.R.) 201100473 EXHIBIT [ E ]   <u>SEE ALSO</u> (DOC# 678)

(10) UNDER FEDERAL COURT STANDARD REQUIREMENT PRISON INMATES MUST EXPRESSLY MAKE AVAILABLE TO THE COURT MATTERS THAT FALL UNDER THE EMINENT DANGER EXCEPTION CLAUSE PURSUANT TO TITLE 28 U.S.C. § 1915   THEREFORE, IT WOULD BE RIGHTFUL IN THIS INSTANCE FOR THE DEBTOR-COMPLAINANT TO EMPHASIZE ON THE FACT THAT UNDER THE CURRENT CONDITION OF PRISON CERTAIN CATEGORIES OF PRISON INMATES SUCH AS THOSE WITH LONG TERM LIFE IMPRISONMENT SENTENCES WHO ARE SUBJECT TO BE HOUSED WITH (H O 4s) AND (H O 5s), ARE CONSTANTLY IN DANGER OF PHYSICAL BODILY HARM, INJURY AND DEATH IN THE HOSTILE WORK ENVIRNMENT OF STATE PRISON SYSTEM.   PRISON INMATES WHO ARE OBLIGATED AS PETITIONERS OF THE COURT SEEKING RIGHTS OF FREEDOM BY REDUCTION, MODIFICATION AND VACATURE OF SENTENCE (PROCEDURES), OR BY NEW TRIAL ORDERS ARE, IN THE HOSTILE WORK ENVIRNMENT OF STATE PRISON SYSTEM SUBJECT TO TORTUROUS ACTS, ACTS OF DURATIONAL DAMAGE RESULTING FROM HAVING THEIR PERSONAL PROPERTY DOCUMENT OR LEGAL PAPERS TAKEN, STOLEN, TORN BY OTHER INMATES OR DISCARDED THROWN IN THE TRASH BY INSTITUTIONAL STAFF-OFFICERS.

(11) PRISON INMATES WHO PETITION THE COURT AND THOSE WITH OTHER INTERESTS SUCH AS BOOK, POEMS, SONGS, MUSIC, WRITERS AND THOSE WHO INDULGE IN ARTS AND CRAFT AND GAME DESIGNING ARE, WITHOUT A WAY TO LEGALLY EARN LIMITED AMOUNTS OF

FINANCE, SUBJECT TO INDEBTEDMENTS FOR EXPENSES FOR THEIR LEGAL WORK MATERIAL, INCURRED COSTS, ARE WITHOUT LEGAL REPRESENTATIVES AND SPONSORS. AND ARE SUBJECT TO THE IMPOSITION OF DISCIPLINARY ACTION FOR BARTERING.

(12) IT WOULD BE EASY FOR JURORS OF REASON TO AGREE THAT IT IS CLEARLY NOT A DEBATABLE ISSUE OF WHETHER PRISON INMATES WHO WRITE AND ATTEMPT TO EMPLOY THEMSELVES IN OTHER TRADE FIELDS, CAN BE LEGALLY CLASSIFIED UNDER AN OCCUPATIONAL STATUS AND RECEIVE COMPENSATION FOR THEIR WORK.

(13) THE FLORIDA DEPARTMENT OF CORRECTIONS ALLOW INMATES TO FILE RESPONSES TO THE DEPARTMENT'S POSTED NOTICES OF PROPOSED RULEMAKING AND RULE DEVELOPMENT UNDER CHAPTER 33 F.A.C. . PRISON INMATES ARE ALSO ALLOWED TO SUBMIT WRITTEN PROPOSALS FOR ADOPTION OF ANY INMATE GRIEVANCE COMPLAINT REMEDY WHICH MIGHT ACCRUE TO THE ACTION ON AMENDING AN INMATE GRIEVANCE UNDER APPLICABLE RULEMAKING AND RULE DEVELOPMENT PROCESSING. BUT THE DEPARTMENT HAS ONLY INDICATED IN THEIR INABILITY TO REGULATE APPLICABLE INMATE GRIEVANCE REMEDIES, THAT ANY WRITTEN PROPOSAL FOR ADOPTION OF APPLICABLE INMATE GRIEVANCE COMPLAINT REMEDIES, ARE MATTERS AND COMMENTS WHICH WILL BE CONSIDERED IN THE RULEMAKING AND DEVELOPMENT PROCESS AS A RESERVED MATTER. POSSIBLY AVAILABLE TO PRISON RELEASEES AS PUBLIC RECIPIENTS. WHICH THE DEBTOR COMPLAINANT "CHARGE" ARE ACTS OF DISCRIMINATION AND ACTS OF UNLAWFUL EMPLOYMENT PRACTICE AGAINST HIS RIGHT AS A LOBBYIST PURSUANT TO TITLE 42 U.S.C. § 1997e AND SECTION § 944.331 FLORIDA STATUTES EXHIBIT [ F ].

(14) FURTHERMORE, BY THE DEPARTMENT OF CORRECTIONS DENYING A PRISON INMATE WHO IS MORE-OR-LESS QUALIFIED TO PARTICIPATE IN THE INMATE GRIEVANCE PROCEDURE PROCESS, AND IN THE EXHAUSTING OF THE ADMINISTRATIVE GRIEVANCE REMEDY PROCESS, HAS RESULTED IN EXTENDED BODILY HARM, AND DURATIONAL DAMAGE TO THE PHYSICAL HEALTH, INDIVIDUAL STATUS AND WELL-BEING OF QUALIFIED PERSONS WITHIN THE STATE'S CORRECTIONS SYSTEM, AND, TO OTHER PRISON INMATES OR CLASS MEMBERS WHO ARE SIMULARLY SITUATED.

(15) TITLE 42 U.S.C. § 2000e(3) STATES THAT: IT SHALL BE AN UNLAWFUL EMPLOYMENT PRACTICE FOR AN EMPLOYER TO DISCRIMINATE AGAINST ANY OF HIS EMPLOYEES OR APPLICANTS FOR EMPLOYMENT, FOR AN EMPLOYMENT AGENCY OR JOINT LABOR-MANAGEMENT COMMITTEE CONTROLLING APPRENTICESHIP OR OTHER TRAINING OR RETRAINING, INCLUDING ON THE JOB TRAINING PROGRAMS TO DISCRIMINATE AGAINST AN INDIVIDUAL OR FOR A LABOR ORGANIZATION TO DISCRIMINATE AGAINST ANY MEMBER THEREOF OR APPLICANT FOR MEMBERSHIP BECAUSE HE HAS OPPOSED ANY PRACTICE MADE AN UNLAWFUL EMPLOYMENT PRACTICE BY THIS TITLE [42 U.S.C.S. §§ 2000e - 2000e(17)].

(16) THIRDLY JURORS OF REASON WOULD AGREE AND WOULD NOT FIND IT TO BE A RISK AGAINST THE SECURITY, OPERATION, AND ORDER OF THE PRISON FACILITY, THE ACT BY THE DEBTOR-COMPLAINANT TO EMPLOY HIMSELF AS A LOBBYIST IN THE POLITICAL SUBDIVISION OF STATE PRISON SYSTEM. THE DEBTOR-COMPLAINANT HAS OFFERED TO THE DEPARTMENT OF CORRECTIONS AND IN ACKNOWLEDGEMENTS TO THE COURT WRITTEN PROPOSALS IN THE SOLICITATION OF ADOPTIVE IMPLEMENTATION OR MEASURES TO AMEND THE CITED VIOLATIONS IN THE ARREST AND SENTENCING OF HIS CRIMINAL DEFENSE CASE NO: 2000 221 CFA CR-E  EXHIBIT [F3].

(17) THE DEBTOR-COMPLAINANT AS A LOBBYIST ALSO ATTEMPTED TO SUPPORT BY PRESCRIBING ADOPTIVE IMPLEMENTATIONS TO THE DISTRICT COURT IN CASE NO: 3:08 CV 401 J 34 MMH/MCR THE RIGHT TO AMEND THE "CITED" VIOLATIONS IN THE ERRONEOUS DISMISSALS OF STATE PRISONER'S 2254 HABEAS PETITIONS AND, THE RIGHT TO CURE THE DEFAULT BY THE STATE OF THE MANDATORY REQUIREMENT OF PERFORMING HABEAS EXHAUSTION DEFENSES AND WAIVER PROCESSES AS AUTHORIZED UNDER DAVIS V DUGGER 829 F.2d 1513 1521 (11TH CIR 1987). BUT WAS PRECLUDED FROM EMPLOYING SUCH SERVICES OF PROCESS AND INTERLOCUTIVE ACTION SUPPORT BY THE DISTRICT COURT'S HABEAS PROCEDURAL RULINGS CONSISTENT WITH ROSE V LUNDY 455 U S 509 522 102 S.CT 1198 1205 71 L.ED 2d 379 (1982) EXH (G)

(18) CLAIMS OF BREACHES OF DUTY BY GENERAL PARTNERS OF LIMITED PARTNERSHIP BELONG TO THE ENTITY NOT TO THE PARTNERS. THE PRINCIPLE UNDERLYING THIS THEORY IS THAT WHEN AN INJURY IS SUFFERED BY THE CORPORATION EACH SHAREHOLDER SUFFER RELATIVELY IN PROPORTION TO THE NUMBER OF SHARES HE OWNS AND EACH WILL BE MADE WHOLE IF THE CORPORATION OBTAINS RESTITUTION OR COMPENSATION FROM THE WRONGDOER: 7547 CORP V PARKER + PARSLEY DEV. PARTNERS L.P. 38 F 3d 211 (1994).

(19) THE DEBTOR-COMPLAINANT CLARENCE ALLEN IS A MAJOR SHAREHOLDER OR STOCKHOLDER AND AN INVESTOR WHO HAS CONTRIBUTED MOST OF HIS TIME AND FINANCE IN THE AREA OF INTERESTS IN UNCLAIMED PROPERTY OF ESTATE PRISON AND OF FLORIDA PRISON PRINTING PUBLICATIONS AS A CORPORATION OF UNSECURED PROPERTY WHO

—— BELIEVE THAT THE INJURIES SUFFERED BY THE CORPORATION FOR DAMAGES TO CUSTOMER PROPERTY (LEGAL CLERICAL MATERIAL), DESERVES TO BE COMPENSATED AND A RIGHT TO FILE FOR RECOVERY OF A PRINCIPLE DEBT OF $5,503.00 AND FOR THE UNCLAIMED AMOUNTS PAID ON TAXABLE PRODUCTS BY CUSTOMERS AS A CLAIM UNDER THE SECURITIES INVESTOR PROTECTION ACT OF (1970) TITLE 11 U.S.C. § 362 AND TITLE 11 U S C § 78 EXHIBIT [ H ]

(20) IN SUPPORT OF THESE AMENDED ISSUES AND AS INJUNCTIVE RELIEF RIGHTS THE DEBTOR-COMPLAINANT FILE A UNRECORDED CLAIM FOR LIEN AGAINST PRISON (ESTATE) PROPERTY (ALL LEGAL CLERICAL MATERIAL) UNDER APPLICABLE STATE LAW STATUTES § 78.01 § 48.23 AND § 713.08 FLA STATS. AND HAVE PURSUED IN ATTEMPTS UNDER THE APPLICABLE ENTITY NAME OF FLORIDA PRISON PRINTING PUBLICATIONS INC. TO REGISTER THE SPECIFICALLY NAMED ITEMS OF PRISON ESTATE PROPERTY OR NAMED SECURITIES OF THE CORPORATION WITH THE SECURITIES EXCHANGE COMMISSION (S.E.C.) IN MIAMI FLORIDA AND WITH THE FLORIDA COMMISSION ON HUMAN RELATIONS IN TALLAHASSE EXHIBIT [ I ]

(21) IT IS FURTHER ACKNOWLEDGED BEFORE THE FEDERAL COURT OFFICIALS AND TO ENCOURAGE INCREASES IN THE STATUS OF PARTICIPATION BY INCARCERATED INDIVIDUALS, THAT THE DEBTOR-COMPLAINANT IS SEEKING RIGHTS TO INCORPORATE ALLOWANCES OF LIMITED FINANCE WHICH CAN BE RECOVERED FROM INCURRED COSTS AND EXPENSES PAID TOWARD PRISON SECURITIES AND TAXABLE INTEREST PRODUCTS WHICH ARE UNDER THE RESPONSIBILITY AND ACT OF A CLAIM FOR LIEN FILED DATED (12/11/08) EXHIBIT [ J ].

(22) Plus the Department of Corrections as a equal opportunity employer and other public and private prison facilities and institutions around the state of Florida have staff-personnel such as canteen operators and persons at the inmate bank, that are in position to do annual inspections of prisoners financial receipts and record statements, to determine what exact amounts of money inmates spend and are charged for purchases of taxable products and for incurred costs over annual periods pursuant to accordance with Chapter 33-102.101  33-210.102 and Florida Statute § 443.036 (20)   Exhibit [ G ]

(23) But the Department of Corrections have not conformed in methods to met the minimum standard requirement for the inmate grievance procedure, nor for regulating applicable inmate grievance remedies under the Department's rule-making and rule development process.

(24) Florida Statute § 944.331 provide that: <u>The Department shall establish by rule an inmate grievance procedure that must conform to the minimum standard for inmate grievance procedure as promulgated by the U.S. Dept. of Justice pursuant to 42 U.S.C § 1997e</u>

(25) Title 42 U.S.C. § 1997e states that: <u>No action shall be brought with respect to prison conditions under section § 1983 of this title or any other federal law by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted</u>.  Which is referenced under suits by prisoners.

(26) THEREFORE THE DEBTOR-COMPLAINANT DO HEREBY CERTIFY TO THE FEDERAL COURT OFFICIALS THE FACT, THAT BY THE FLORIDA DEPARTMENT OF CORRECTIONS AS A EQUAL OPPORTUNITY EMPLOYER, AND OTHER STATE DEPARTMENTS AND AGENCIES, REFUSING AND UNWILLINGNESS TO CONFORM TO A MINIMUM STANDARD TO MEET ANY APPLICABLE <u>INMATE</u> GRIEVANCE REMEDY REQUIREMENT IN THE EXHAUSTING OF THE ADMINISTRATIVE GRIEVANCE PROCESS THAT IT IS UNCONSTITUTIONAL AND A ACT OF DISCRIMINATION AND A UNLAWFUL EMPLOYMENT PRACTICE WHICH LEAVES VOID AND VIOLATES 42 U.S.C. § 1997e

(27) IT IS FURTHER CERTIFIED TO THE FEDERAL COURT OFFICIALS THAT STATE PRISON OFFICIALS HAVE NOT CERTIFIED PETITIONERS UNDER A REGULATED EDUCATION PROGRAM OR ACT FOR THEIR PARTICIPATION IN LEARNING STANDARD RULES OF PRACTICE AND PROCEDURES AND <u>FOR</u> THEIR STUDIES OF LAW IN DEFENSE FOR THEIR CRIMINAL INCARCERATION CASES. THE DEBTOR-COMPLAINANT HAS ATTACHED A CERTIFICATE OF PARTICIPATION (C.O.P.) IN THE FACILITY'S WORKFORCE READINESS PROGRAM EXHIBIT [ <u>L</u> ].

(28) UNDER FAIR LABOR STANDARDS 29 U.S.C. § 206 (D) <u>THE ESSENTIAL AND ONLY FUNCTION OF THE EQUAL PAY ACT, IS TO PROHIBIT PAYING WAGES TO EMPLOYEES OF ONE SEX AT A RATE LESS THAN THAT PAID TO EMPLOYEES OF THE OTHER SEX FOR THE SAME WORK</u>. SEE ALSO FLA.R. CIV.P. 9.130 (A)(3)(C)(vii)

(29) THEREFORE AND FOR STIPULATED REASONS IN THIS AMENDED COMPLAINT THE DEBTOR-COMPLAINANT DO CHARGE THAT THE U.S. SYSTEM OF GOVERNMENT HAS RECKLESSLY INFRINGED UPON HIS EMPLOYABLE RIGHTS AND STATUS AS A LOBBYIST, AND, WITHOUT RECOGNIZABLE CONCERN HAS LIMITED THE PARTICIPATION OF QUALIFIED INDIVIDUALS AND PAYING CUSTOMERS OF FLORIDA PRISON PRINTING PUBLICATIONS AS A CORPORATION, AND, FOR WHICH THE CORPORATION IS SEEKING SUPPORT FOR RECOVERY COMPENSATION AND RESTITUTION FOR ITS SUFFEROUS INJURIES AND <u>FOR</u> A LIMITED AMOUNT FOR $<u>5,503.00</u> DOLLARS

(30) FURTHERMORE, BY THE DEBTOR-COMPLAINANT ATTEMPTING TO CERTIFY WITH THE FLORIDA COMMISSION ON HUMAN RELATIONS THE REGISTRATION OF ALL FLORIDA PRISON INMATES UNDER THE OCCUPATIONAL STATUS OF HUMAN RELATIONS CORRESPONDENTS OR LEGAL CORRESPONDENTS WITHIN THE STATE PRISON SYSTEM [ RECEIPT NO: 201100473 ] DATED (3/24/11) AND IN ATTEMPTING ON (4/18/11) TO REGISTER WITH THE SECURITIES EXCHANGE COMMISSION (S.E.C.) THE NAMED SECURITIES OF THE CORPORATION EXHIBIT [ E ] AND [ I ] THAT IT WOULD BE IN BEST INTEREST OF THE ACTION TO RIGHTFULLY CLAIM AN INJUNCTION, AND TO FIRST SECURE FOR THE PURPOSE OF STABILIZATION THE NECESSARY FINANCES OWED AND PAID BY THE CORPORATION'S DEBTOR.

(31) THE DEBTOR-COMPLAINANT CONTACTED CHERYL VESSELS (WHOSE LISTED AS THE RESPONDENT) THE HUMAN RELATIONS MANAGER OF THE U.S. COURT OF APPEALS AND WAS REFERRED TO (AMY NERENBERG) IN CONNECTION WITH AN APPLICATION REQUEST FOR INFORMATION ASSISTANCE ON REFERRAL FOR FINANCE REINBURSEMENT, WHO RESPONDED ON (5/2/11) AND BY STATING: <u>THAT THE ELEVENTH CIRCUIT COURT OF APPEALS IS A FEDERAL APPEALS COURT, WHICH HANDLES APPEALS FROM DECISIONS OF THE U.S. DISTRICT COURTS IN ALABAMA, FLORIDA AND GEORGIA. AND, AS A RESULT THIS COURT HAS NO INVOLVEMENT WITH THE COLLECTION OR REINBURSEMENT OF PERSONAL INTEREST FINANCE BY ANY STATE</u>. EXHIBIT [ K ]

(32) WHEREWOW, THE DEBTOR-COMPLAINANT WHOSE SEEKING UNDER THE RESPONSIBILITY OF THE ACTION ON CORPORATION'S DEBTOR FINANCE A DECLARATIONAL RIGHTS ORDER OR A INJUNCTION ORDER BY U.S. DISTRICT FEDERAL COURT UNDER 42 U.S.C. § 1983 § 42 U.S.C. § 1997e AND 18 U.S.C. § 3626, OR A MANDAMUS WRIT ORDER BY THE COURT ISSUED ON THE FLORIDA OR GEORGIA CHIEF FINANCIAL OFFICER DEMANDING UNDER BANKRUPTCY CODE TITLE 15 U.S.C. § 78 (u)(e) OR

INTERNAL REVENUE CODE TITLE 26 U.S.C. § 401 THE CHIEF FINANCIAL OFFICER OF THE DIVISION OF FINANCIAL SERVICES TO COMPLY WITH THE PROVISIONS FOR INSPECTION OF PRISON FINANCIAL RECEIPT RECORDS AND THE COLLECTION OF TAXES PAID ON CORPORATION FINANCE PURSUANT TO SECTION § 443.036 (20) OF FLORIDA STATUTES AND ARTICLE VII SECTION § (12) AND (13) OF FLORIDA CONSTITUTION AS AMENDED (1968).

AND, DO WAIVE THE RIGHT OF SOVEREIGN IMMUNITY BY THE STATE OF FLORIDA AND OF THE STATE OF GEORGIA UNDER RIGHTS AND ACTION IN NOTICE OF RIGHT TO SUE.

RESPECTFULLY SUBMITTED

I SWEAR UNDER PENALTY OF PERJURY THAT I HAVE READ THE AMENDED COMPLAINT AND THAT IT IS TRUE AND CORRECT TO THE BEST KNOWLEDGE, BELIEF AND UNDERSTANDING:

DATED 5/20/11                     _____
                                          SIGNATURE

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND EXACT COPY OF THE AMENDED COMPLAINT AND A COPY OF THE ENCLOSED BILL OF COSTS HAVE BEEN FORWARDED TO AND SERVED ON CHERYL VESSELS HUMAN RESOURCES MANAGER U.S. COURT OF APPEALS 56 FORSYTH ST N.W. ATLANTA GEORGIA AND ON THE CHIEF FINANCIAL OFFICER OF FLORIDA DIVISION OF FINANCIAL SERVICES 200 EAST GAINES STREET TALLAHASSEE FLORIDA AND TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION 2 SOUTH BISCAYNE BLVD SUITE 2700 MIAMI FLORIDA AND BY U.S. MAIL THIS 20TH DAY OF MAY 2011

[S] *Clarence S. Allen* (signature)

NAME: CLARENCE S. ALLEN
ADDRESS: 5168 EZELL ROAD
GRACEVILLE FLORIDA 32440
PHONE NO: _____
FLA BAR NO: _____
AGENCY NO: 16812

(15)