**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CLARENCE ALLEN,

        Plaintiff,

vs.                                                  Case No. 3:11-cv-529-J-32JRK

JUDY BELCHER, et al.,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION**[1]

Plaintiff, an inmate of the Graceville Correctional Facility who is proceeding pro se, initiated this action by filing a document on May 25, 2011 entitled, "Amended Employment Discrimination Complaint and Notice of Right to Sue" (Doc. No. 1), which is construed as a Complaint, and a document entitled, "Bill of Costs" (Doc. No. 2). On June 14, 2011, an Order was entered directing Plaintiff to file an affidavit of indigency by July 8, 2011 (Doc. No. 5), which he did on July 7, 2011 (Doc. No. 7). Plaintiff has also filed several notices, documents, and motions (Doc. Nos. 4, 10, 11, 13, 14, 15), as well as another affidavit of indigency (Doc. No. 12).

The Prison Litigation Reform Act (PLRA) contains the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file timely objections may bar a party from a de novo determination by a district judge and from attacking factual allegations on appeal. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

> section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA. Rivera v. Allin, 144 F.3d 719, 730 (11th Cir. 1998), cert. dismissed, 524 U.S. 978 (1998), abrogated on other grounds, Jones v. Bock, 549 U.S. 199 (2007). The Court takes judicial notice of Case Number 4:06-cv-456-MP-WCS, which was brought by Plaintiff Allen in the United States District Court for the Northern District of Florida, Tallahassee Division. In a Report and Recommendation (Doc. No. 7) entered in that case on October 20, 2006, the United States Magistrate Judge recommended that Plaintiff's case be dismissed because he had filed the following cases in this Court and the United States District Court for the Northern District of Florida that were dismissed on the grounds that they were frivolous, malicious or failed to state a claim upon which relief may be granted: (1) 3:99cv312; (2) 4:03cv77; and (3) 4:03cv226. The Report and Recommendation was adopted by the United States District Judge, and the case was dismissed on November 3, 2006. See No. 4:06-cv-456-MP-WCS, 2006 WL 321351 (N.D. Fla. Nov. 3, 2006). The United States Court of Appeals for the Eleventh Circuit affirmed the dismissal, and the United States Supreme Court denied Plaintiff's petition for writ of certiorari. See No. 06-16406, 266 F. App'x 815 (11th Cir. 2008), cert. denied, 555 U.S. 832 (2008). In addition to the foregoing

cases, the United States Court of Appeals dismissed as frivolous Plaintiff's appeal of a decision by this Court. See No. 06-15983-J (11th Cir. Apr. 12, 2007).

Because Plaintiff has had three or more qualifying dismissals and is not under imminent danger of serious physical injury,[2] this action is due to be dismissed without prejudice. To initiate a civil action, Plaintiff should be required to file a new complaint and pay the full $350.00 filing fee.

Accordingly, for all of the above-stated reasons, it is respectfully **RECOMMENDED:**

1. That this case be **DISMISSED** without prejudice.

2. That all pending motions be **DENIED as moot**.

3. That the Clerk of the Court enter judgment accordingly and close this case.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on December 9, 2011.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw

Copies to:

Honorable Timothy J. Corrigan
United States District Judge

*Pro Se* Party

---

[2] Plaintiff makes a conclusory claim that prison inmates in general serving long-term sentences "are constantly in danger of physical bodily harm, injury and death in the hostile work environment." Compl. at 6. Plaintiff's vague and conclusory allegation of possible future harm is insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g). See Luedtke v. Bertrand, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (stating "Luedtke's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury").